# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| PETER J. GOGUEN | : | CASE NO. 09-42550-MSH |
| DEBTOR | : | |
| DAVID M. SHARFARZ | : | |
| PLAINTIFF, | : | |
| v. | : | ADV. PRO. NO. 09-4158 |
| PETER J. GOGUEN | : | |
| DEFENDANT | : | |

### MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

This matter comes before me on the plaintiff's motion for summary judgment (docket #12) of David M. Sharfarz (the "plaintiff"). In support of his motion the plaintiff asserts that, based on findings of fact and conclusions of law in a state court action, he is entitled to judgment on Counts I and II of his complaint as a matter of law. Because the state-court ruling was based on the debtor's default and because the debtor never appeared in the state-court action, I must deny summary judgment.

In this adversary proceeding, the plaintiff seeks a determination that a debt of over $272,000 owed to the plaintiff by the debtor is not dischargeable in the debtor's bankruptcy. The debt in question resulted from a judgment entered by the Middlesex County (Massachusetts) Superior Court. In that case, *Sharfarz v. Goguen*, Civil Action No. 08-1186, the plaintiff asserted that the debtor had committed various unfair and deceptive trade practices in violation of Massachusetts law, in connection with construction work the plaintiff had hired the debtor to perform on his home. The debtor was defaulted for failure to answer the plaintiff's complaint

and otherwise appear in the state-court proceedings.  On December 3, 2008, the state court held

an evidentiary hearing for assessment of damages (at which the debtor also did not appear) and

on December 8, 2008, the court entered its Findings of Fact, Conclusions of Law, and Order for

Judgment on Assessment of Damages, awarding the plaintiff damages of $88,000 (plus

prejudgment interest), punitive damages of $176,000, and attorney fees of $8,745.50.

Subsequently the debtor filed a Chapter 7 petition in this Court and the plaintiff initiated

this adversary proceeding seeking a judgment denying the dischargeability of the debt owed by

the debtor to the plaintiff pursuant to 11 U.S.C. § 523(a)(2)(A), on the grounds that, the state-

court judgment was for money obtained by "false pretenses, a false representation, or actual

fraud" (Count I), and pursuant to 11 U.S.C. § 523(a)(6), on the grounds that the state-court

judgment was "for willful and malicious injury by the debtor to another entity or to the property

of another entity" (Count II).

The plaintiff argues that the state court judgment is "determinative of the [d]ebtor's

fraudulent conduct for the purposes of  § 523(a)(2)" (Pl.'s Mem. Supp. Summ. J. 7) and

"sufficient to support a bankruptcy court's ruling of nondischargeability under § 523(a)(6)" (*id.*

at 8-9), and cites a recent decision of the Bankruptcy Appellate Panel for the First Circuit,

*Backlund v. Stanley-Snow*, 405 B.R. 11 (1st Cir. B.A.P. 2009), concerning the collateral-estoppel

effect of a prior state-court judgment.  At hearing, counsel for the plaintiff asserted that the state

court's findings were "proof positive" of the elements of both nondischargeability counts in the

plaintiff's complaint, and asked for the state court's findings to be "upheld" in the bankruptcy

court.  She also briefly addressed what she called "the collateral estoppel issue."  It is thus

apparent, though the plaintiff's presentation of the issue is rather oblique, that the plaintiff's

motion for summary judgment relies upon the doctrine of collateral estoppel, also known as issue

preclusion, in seeking to give effect in this adversary proceeding to the state court's findings and

rulings.

In determining when it is appropriate to apply the doctrine of collateral estoppel, one

must look to the law of the state (here Massachusetts) whose court issued the original judgment.

*McCrory v. Spigel (In re Spigel),* 260 F.3d 27, 33 (1st Cir. 2001).  Under Massachusetts law, a

court may invoke collateral estoppel if it is able to answer four questions in the affirmative:

> (1) was there a final judgment on the merits in the prior adjudication; (2) was the
> party against whom estoppel is asserted a party (or in privity with a party) to the
> prior adjudication; (3) was the issue decided in the prior adjudication identical
> with the one presented in the action in question; and (4) was the issue decided in
> the prior adjudication essential to the judgment in the prior adjudication?

*Alba v. Raytheon Co.*, 441 Mass. 836, 842 (2004).  In the instant case, we never get past question

one.  In Massachusetts, a default judgment on a particular issue is generally not considered to be

"on the merits," and is thus ineligible for collateral-estoppel effect, if it has not been "actually

litigated."  *Treglia v. MacDonald*, 430 Mass. 237, 241-42 (1999).

At hearing, the plaintiff argued that the issues in the state court action were actually

litigated because, despite the debtor's absence, the state court held an evidentiary hearing for

assessment of damages before it rendered its judgment.  This evidentiary hearing, according to

the plaintiff, sufficiently distinguishes the state court's judgment in his case from the typical

default judgment, which is rendered without a hearing.  This argument is unpersuasive.  In

*Treglia*, the Bankruptcy Appellate Panel for the First Circuit had certified the following question

to the Massachusetts Supreme Judicial Court:

> When a defendant appears in a civil action, files a motion seeking interlocutory
> relief, obtains that relief, but does not thereafter answer or defend; and when,

3

> *after a damage hearing (in which the defendant does not participate)*, default
> judgment enters; does Massachusetts law preclude the defendant's litigation of the
> substantive elements underlying the default judgment in a subsequent action
> initiated by the same plaintiffs?

430 Mass. at 237-38 (emphasis supplied).  The SJC responded in the negative, stating that in

such a case, collateral estoppel was inapplicable because the substantive elements underlying the

default judgment were not actually litigated in the prior action.  *Id.* at 242-43.

The Massachusetts Supreme Judicial Court has recognized exceptions to this rule, such

as where the party against whom estoppel is sought "substantially participated" in the earlier

case.  *Backlund v. Stanley-Snow*, 405 B.R. 11, 19-21 (1st Cir. B.A.P. 2009).  However, in this

case, the plaintiff has not asserted that the debtor participated in the state-court proceeding.

Indeed, the state court's Findings of Fact, Conclusions of Law, and Order for Judgment on

Assessment of Damages refers to the debtor's default for failure to appear and failure to attend

the assessment-of-damages hearing.  Because none of its claims was actually litigated in the state

court, that court's findings cannot be given preclusive effect in this proceeding.  As the debtor

has filed an answer to the plaintiff's complaint disputing many of the material facts relevant to

the adjudication of this dispute, summary judgment would be inappropriate.

The plaintiff's motion for summary judgment (docket #12) is DENIED.  A separate order

will issue.

Dated: June 25, 2010                    _____
                                        Melvin S. Hoffman
                                        United States Bankruptcy Judge

4